THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* ARAGÓN,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a
Prosecution for a Violation of the Sanitation Act.

No. 840.—Decided July 15, 1915.

VIOLATION OF SANITARY RULES—WASHING CLOTHING—CONSTRUCTION OF LAW.—
The defendant was charged with having "unlawfully, maliciously, and wil-
fully violated section 13 of Sanitary Rules and Regulations No. 2 by allow-
ing the inmates of the tenement houses belonging to him to wash clothing
therein in the absence of the required conditions." The pertinent part of
section 13 reads as follows: "The tenants of the house are permitted to
wash their own clothes; this must be done in a special place with impervious
floor and walls * * *." *Held:* In accordance with the jurisprudence
established in the case of *The People* v. *Paratze*, 22 P. R. R., 35, that as
the provision cited is simply permissive the defendant was sentenced im-
properly because the acts charged did not constitute an offense, since they
are not prohibited or penalized expressly by law.

The facts are stated in the opinion.

*Mr. Sandalio Torres Monge* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the complaint which originated this
action reads as follows:

"I, Secundino Fuentes, residing in Arsenal Street, San Juan,
forty-four years of age, charge José Aragón with having violated
the Law of Sanitation in the following manner: On February 14,
1914, in San Juan of the Municipal Judicial District of the same,
the said accused unlawfully, maliciously, and wilfully violated sec-
tion 13 of Sanitary Rules and Regulations No. 2, by allowing the
inmates of the tenement house belonging to him on San Andrés Street
Nos. 4, 6, 8, and 10, Puerta de Tierra, to wash clothing therein in
the absence of the required conditions."

The case was tried in the District Court of San Juan,
Section 2, and the defendant was convicted and sentenced to
pay a fine of $15 or, in default thereof, to be imprisoned one
day for each dollar thereof not paid. The defendant ap-

pealed to this court and in his brief assigned the following three errors: 1. That the sanitary regulation alleged to have been violated and which the district court held to be valid is unconstitutional. 2. That the complaint is defective in that it does not charge the defendant with the violation of any regulation. 3. That the evidence shows that the defendant is not guilty.

After carefully considering the case this court is of the opinion that the judgment appealed from should be reversed for a fundamental reason distinct from the errors assigned by the appellant in his brief. This being the case, we will confine ourselves to the real ground of our judgment without considering the errors assigned by the appellant.

Section 13 of Sanitary Rules and Regulations No. 2 relative to tenement houses, as drafted by the Insular Board of Sanitation and approved by the Executive Council on July 11, 1912, and promulgated by the Governor on July 13 of the same year, reads as follows:

"Sec. 13.—Under no consideration will any one be permitted to engage, in the courtyards or rooms of a tenement house, in any industry or occupation which may be dangerous, or which disturbs the other tenants; nor will it be permitted to establish stables or horse-stalls, or to care for barnyard fowls, or any kind of animals except cats and birds in cages.

"The tenants of the house are permitted to wash their own clothes; this must be done in a special place with an impervious floor and having the walls also impervious to the height of two meters; the pavement must have a slope sufficient for its drainage, and be provided with a drainage-pipe in towns where there is a sewer.

"In the towns where there is no sewer system, and the condition of the ground permits it, drainage shall be made by means of sinks. As soon as sewers shall be established in towns which now have none, said sinks must cease to be used, and drainage be established in the manner provided for in the preceding paragraph; *Provided,* That these sinks shall be closed when in the judgment of the Director of Sanitation they are prejudicial to the public health."

As may be seen, the section transcribed contains three paragraphs. The first is prohibitory and the second, which is applicable to the present case, is simply permissive.

The sanitary regulation for whose violation the defendant has been convicted allows clothes to be washed in tenement houses under certain conditions, but does not conclusively and expressly forbid the same. It might be said that such prohibition may be inferred easily and logically from the wording of the regulation, but such inference cannot be admitted in a case of the imposition of a penalty upon a citizen.

The question is not new in this court. It was clearly decided in the case of *The People* v. *Paratze, ante* p. 35, in which case the defendant was charged with having had two employees at work in his barber-shop on a Sunday against their will, and he was convicted of a violation of a municipal ordinance which reads as follows:

"All commercial and industrial establishments the closing of which is provided for by section 553 of the Penal Code, as amended by Act No. 24, approved March 28, 1914, may remain open on Sundays until noon, provided only the owners thereof, persons directly interested therein, agents and attorneys in fact duly authorized, engage in purchases and sales and other matters of whatsoever sort or kind requiring attention during said half day."

In such circumstances this court reversed the judgment appealed from. In the course of the opinion delivered by Mr. Justice Hutchison it was said:

"Upon examination of the complaint as it stands we find that it charges no offense. A crime, in so far as any question involved in this case is concerned, is 'an act committed or omitted in violation of a public law forbidding or commanding it.' No act can be punished as a crime unless it is both prohibited and made punishable by law. The section of the ordinance quoted, the only section of which we have any knowledge, neither prohibits in terms nor penalizes either the act charged in the information or any other act. In form it is purely permissive, not penal. It creates no offense. It defines no crime."

In view of all the foregoing it is necessary to conclude that the defendant was improperly sentenced. Conceding the truth of the acts charged against him, they constitute no offense because they are not expressly prohibited or penalized by law.

The judgment appealed from should be reversed and the accused discharged.

*Reversed and defendant discharged.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.